TOPLITZ v. MEYER.

(Supreme Court, Appellate Term.   April 22, 1901.)

ATTORNEY AND CLIENT—RETAINER BY AGENT.
    An agent's act in sending process served on his principal to attorneys "for such action as they may deem necessary" in contemplated litigation amounts to a retainer of such attorneys for the principal.

Appeal from municipal court of city of New York, First district.
Action by Monroe F. Toplitz against Frederick W. Meyer.   From a judgment for plaintiff, defendant appeals.   Affirmed.
Argued before BISCHOFF, P. J., and CLARKE and LEVENTRITT, JJ.

Frederick W. Henrichs, for appellant.
Wales F. Severance, for respondent.

BISCHOFF, P. J.   The only point presented upon this appeal which calls for discussion relates to the liability of the appellant, a resident of Germany, for the services rendered by the firm of Oppenheim & Severance, the plaintiff's assignors.   It appears that the appellant was a creditor of an insolvent concern, and had entered into a composition agreement whereby he was to receive 25 per cent. of his claim through the formality of a general assignment.   Subsequently, it developed that the debtor's bona fides might be open to attack, and that the appellant, if disposed to act in hostility to the assignment, might receive a larger proportion of his claim.   The advisability of attacking the assignment was discussed by the appellant with his brother Henry Meyer, the latter being temporarily in Germany, and it appears from certain correspondence between the appellant and Downing & Co., his general agents in this city, that it was debated whether the action, if brought, should be in the name of appellant or of his brother.   Henry Meyer, upon his return to this country, entered into an agreement with Oppenheim & Severance for the bringing of the action in his name; but there was as yet no direct authority from the appellant.   Downing & Co. viewed their power of attorney as insufficient to authorize their making an assignment of the cause of action to Henry Meyer for the appellant, and certain correspondence between him and his agents followed.   It seems that one letter from Downing & Co. to the appellant went astray, and that some confusion resulted in the understanding of both principal and agent; but finally Downing & Co. received from the appellant a citation to attend the assignee's accounting, with which he had been served, and sent it to Oppenheim & Severance, stating, "We send the same to you for such action as you may deem necessary."   On the same day Henry Meyer cabled to the appellant, "Shall I sue in your name or mine," and 12 days later Downing & Co. wrote to Mr. Severance that they had just received a letter from the appellant that he (appellant) had instructed Henry Meyer to sue in his own name.   Henry Meyer did not receive any letter so instructing him; but, upon the evidence referred to, we think that the act of Downing & Co. amounted to a recognition of the retainer of Oppenheim & Severance for the appellant

in the contemplated litigation, and there is no dispute that their agency was sufficiently comprehensive to include the retaining of attorneys in the appellant's behalf. The expected assignment to Henry Meyer of his brother's cause of action was certainly not the exclusive evidence of a retainer. It was to be essential as proof of Henry Meyer's standing at some stage of the proceedings, but the litigation could readily be entered upon, in the way of preparation, without it, and the facts disclosed the reasonableness of the attorneys' reliance upon the acts of the appellant through his agent when rendering the services in suit. These attorneys were necessarily without knowledge of the confused state of the correspondence between the appellant and his agent. and it appears from the appellant's letter to Henry Meyer (upon his withdrawal from the litigation, when the confusion was explained) that he realized that services of counsel had been rendered in the matter, for which he was chargeable. There can be no question that Henry Meyer was merely a nominal party, according to the general understanding, and that the agreement with him was without effect upon the liability for services rendered at the appellant's own instance. The judgment should be affirmed with costs. All concur.